**Jean H. PRANDINI, Individually and on behalf of all other persons similarly situated, Plaintiff,**

v.

**NATIONAL TEA COMPANY, a corporation and the Amalgamated Food Employees Union, Local 590, Defendants.**

**Civ. A. No. 72–870.**

United States District Court,
W. D. Pennsylvania.

Nov. 8, 1978.

Martin Lubow, Berger, Kapetan & Mala-koff, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for National Tea Co.

Balzarini, Walsh, Conway & Maurizi, Pittsburgh, Pa., for Union Local.

## MEMORANDUM AND ORDER AWARDING FEES

WEBER, Chief Judge.

In an opera house in a provincial Italian city a new soprano appeared in the leading role. The gallery was packed with the local opera lovers eager to assess the new singer. At the end of her first aria a wave of applause swept the gallery and the conductor raised his baton for a reprise. After the second rendition even stronger applause and calls for an encore swept the house and again the conductor took the orchestra and the singer through the old score. When a third round of applause broke, the conductor turned to the audience and addressing the furthermost end of the second balcony said, "What's the matter with you, can't you see that she is terrible?" From the rearmost seat came the reply: "Yes, we know, but she is going to have to sing it until she gets it right."

I am now at the beginning stages of Prandini III, after two demands for an encore, and because the counsel gets paid for appealing the fee award, there is no limit to the possible number of appeals except the exhaustion of the maximum limit set for the fee in the settlement agreement of the parties.

Plaintiff's counsel has already received more than he was willing to accept original-ly, because of the fortuitous elimination by this court of the kickback to referring counsel.

■ The Court of Appeals directed that the trial court cannot make a subjective judgment to reduce the hours claimed by 10% because of duplication of work with a parallel, almost identical, case. We admit that the 10% figure used was an arbitrary judgment which reflected in a very moderate degree the sense that the trial judge had of deja vu in hearing or reading matters connected with the related cases. We did apply an objective standard one time in examining lengthy briefs on the same issues in the two related cases and found them identical except for the type-face used. It appears that a lot of typing hours might have been saved by the use of the Xerox machine. We did allow a substantial amount of costs for the use of the Xerox machine in one of these sibling cases. We would not have been repelled by a Xerox brief.

Plaintiff's counsel insists that nowhere did he charge the same work to both these cases. Where it was of value for both he charged the time to one case or the other. He never divided hours between the two cases mutually benefited as did the former counsel. He presents for our examination a very bulky file of time records but we decline to expend the judicial time required to identify the overlapping hours in the record and make findings with respect to such duplication. The 10% reduction does not justify such an expenditure of time. The bulk of the time records appear to exceed the size of the docket file in this case and the expenditure of judicial time in examining them would in our opinion be highly unjustified. We are convinced that such an expenditure of time would be fruitless because our prior examination of these claims reveals that the work claimed is described in general terms such as "research, preparing briefs, preparing for appearances in court, reviewing evidence, etc." We can neither make a determination of overlapping effort, nor of the value of the time

spent between effort devoted to critical issues, and that devoted to routine or clerical efforts by such an examination, and the judicial time consumed in such an attempt would be highly unjustifiable. The Court of Appeals said the evidence in the record indicates that Malakoff had no duplicated charges, but the evidence was ex parte, self-serving and subject to the unconscious bias of one who would benefit therefrom. Apparently the trial judge's estimate of credibility or weight is of no consequence here. We will, therefore, award Michael P. Malakoff the original claim of 265 hours, without reduction for overlapping services, at $40 per hour.

■ We cannot possibly accept the claim that plaintiff's counsel, Michael P. Malakoff and Louise R. Malakoff are entitled a total of 226.5 plus 45.5 hours or 272 hours in the preparation of the case on appeal or that the assembly of the large documentation on appeal required more than clerical work. This almost equals the time claimed for preparation of the whole case where we heard of the immense time spent examining the employment records of the great number of employees in the class. We find such a claim fundamentally unreasonable and we must use a judgment as to the reasonable number of hours that we will allow. We herewith find and conclude that Michael P. Malakoff is entitled to claim 100 hours in preparation of the appeals and Louise R. Malakoff is entitled to claim 25 hours as the number of hours reasonably necessary to litigate the two appeals. We, therefore, award Michael P. Malakoff for the following services:

| | |
|---|---|
| 265 hours × $40 per hour | $10,600.00 |
| 50% contingency increase | 5,300.00 |
| 100 hours appeal time at $50 per hour | 5,000.00 |
| Total | $20,900.00 |

We will award Louise M. Malakoff her original claim of 185 hours without reduction for overlapping, plus a contingency and quality factor of 50% at $50 per hour:

| | |
|---|---|
| 185 hours × $50 per hour | $ 9,250.00 |
| Plus 50% contingency | 4,625.00 |
| 25 hours of appeal time at $50 per hour | 1,250.00 |
| Total | $15,125.00 |

Daniel M. Berger claims time spent pursuant to the April 14, 1976 attorney fee order. We don't know what this was except for a few visits to our chambers generally discussing this matter. We will not inquire further. We will award him:

| | |
|---|---|
| 4.5 hours at $80 per hour | $360.00 |

The revised fee awards are set forth in the attached Order.